# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DENISE COVINGTON,**

    **Plaintiff**

    **vs.**                                                                                    C-1-08-502

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant**

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 13), defendant's objections (doc. no. 15) and plaintiff's response thereto (doc. no. 18). The Magistrate Judge recommended that the decision of the Commissioner be found not supported by substantial evidence and the case should be REVERSED AND REMANDED to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

## I.

**Plaintiff filed an application for DIB and SSI on June 22, 2004, alleging an onset date of April 6, 2004 due to arthritis and back pain. Plaintiff later amended the onset date to October 6, 2004. The application was denied initially and upon reconsideration. On January 31, 2005, plaintiff requested a *de novo* hearing. Hearings were held on September 1, 2006 and May 21,2007 before an Administrative Law Judge (ALJ). Vocational Expert (VE), George Parsons, was present and testified at the hearings. Plaintiff, represented by counsel, was present and also testified at the hearing.**

**Pursuant to the testimony at the hearings and review of the medical records provided by Drs. King, Sinthusek and Sheridan, the ALJ entered his final determination concluding plaintiff was not entitled to a period of disability or disability insurance benefits and that she was not eligible for supplemental security income payments. Upon denial of review by the Appeals Council, the ALJ's decision became final on June 3, 2008.**

**II.**

**The defendant specifically objects to the Magistrate Judge's determination which rejects Dr. Sheridan's RFC concluding plaintiff was able to perform medium work.**

**III.**

**Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the Commissioner's findings of no disability. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 800 F.2d 535 (6th Cir. 1986); *Kirk v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).**

**Upon *de novo* review, this Court agrees with the finding of the Magistrate Judge that the CE report of Dr. Sheridan was not well explained as Dr. Richard Sheridan observed the Plaintiff walking with a left-leg limp, unable to squat, chronic lumbar and cervical strain, with degenerative disc disease with complaint's of pain in the lumbar spine. Muscle atrophy was present in the upper arms, forearms, thighs, and calves and the range of motion of the dorsolumbar spine was limited to: flexion of 30 degrees, extension of 10 degrees, and right and left lateral flexion of 10 degrees.**

**In addition, the 2004 MRI results of the lumbar spine showed evidence of L4-L5 disc herniation effacing the inferior right L4 nerve root (Tr. 211). The MRI in 2006 showed right foraminal disc protrusion at L4 -L5, which caused compression of the exiting nerve root and significant neural foraminal narrowing on the right. It also revealed congenitally short pedicles complicated by disc bulges and facet hypertrophy and hypertrophy of the ligamentum flavum at L2-3 and L3-4. These MRI reports were reviewed by Dr. Sheridan.**

**However, despite finding a reduced range of motion in Plaintiff's lumbar spine, diagnosing Plaintiff with chronic lumbar strain, degenerative disc disease and cervical strain, and noting that Plaintiff requires restrictions, Dr. Sheridan provided only a lightly restricted RFC. (Tr. 239-242). Dr. Sheridan's opinion is inconsistent with his findings, and he fails to explain how Plaintiff's reduced range of motion in the lumbar spine and her objectively established spinal conditions only minimally limits her work-related abilities.**

**In this case, the ALJ failed to properly evaluate the opinions of plaintiff's treating physicians and engaged in selective consideration of the medical evidence.**

**When the ALJ rejects a treating physician's opinion, the ALJ must "give good reasons" for not giving weight to that opinion in the context of a disability determination. *Wilson v. Commissioner*, 378 F.3d 541, 544. Pursuant to 20 C.F.R. § 440.1527(d)(2), a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the**

weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (1996); *see also Wilson*, 378 F.3d at 544.

Accordingly, upon its *de novo* review, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (doc. 13) because there is insufficient evidence to support the ALJ's decision. On remand, the defendant shall reassess plaintiff's RFC and provide an accurate RFC determination. This case is **REVERSED AND REMANDED** to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further consideration and to resolve any other issues the defendant finds are appropriate according to law.

This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

                                                                **s/Herman J. Weber**
                                        **Herman J. Weber, Senior Judge**
                                        **United States District Court**